# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,**<br>Plaintiff/Respondent<br>-vs-<br>**Oscar Calvillo-Jimenez,**<br>Defendant/Movant | CV-08-0176-PHX-NVW (JRI)<br>CR-05-0749-PHX-NVW<br><br>**REPORT & RECOMMENDATION**<br>**On Motion to Vacate, Set Aside, or Correct Sentence Pursuant to**<br>**28 U.S.C. § 2255** |

## I. MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on January 28, 2008 (CV#1). On April 21, 2008, Respondent filed its Response (CR#79). Movant filed a Reply on May 13, 2008 (#80). Respondents supplemented on January 20, 2009 (#11) and July 20, 2009 (#16). Movant supplemented on July 31, 2009 (#17).

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases , Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On July 26, 2006, a grand jury returned a one-count Indictment (CR#12) against Movant, charging him with Illegal Re-entry after Deportation in violation of 18 U.S.C. §

1326(a) and enhanced by (b)(2). After a two-day trial, the jury returned a guilty verdict on April 5, 2006. (M.E. 4/4/06, CR#44 and M.E. 4/5/06, CR#45.)

The Presentence Investigation Report calculated Movant's offense level as twenty-four (24) and his criminal history category as V. (PreSentence Report, #11 at 4, 7.) The total offense level included a 16 level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) as a result of Movant's deportation after a felony conviction for attempted burglary. (*Id.* at 4.) The criminal history included *inter alia* a 1983 conviction for residential burglary, and a 1990 conviction for attempted burglary of a residence. (*Id.* at 5.) On that basis, the Report calculated a guideline range of 92 to 115 months and recommended a sentence of 92 months. (*Id.* at 10, 13.) No objections were filed to the Presentence Investigation Report.

On June 19, 2006, Movant appeared for sentencing. The Court rejected a plea for a downward departure for acceptance of responsibility. The Court considered:

> He has a long history of violent crime over a period of 20 years. He has a history of drug use of drug offenses that -- or drug abuse that increases his danger to the community, and there is ample reason to think that this defendant will offend again.

(R.T. 6/19/06, CR#66 at 15.) Nonetheless, the Court adopted the recommendation to sentence at the low end of the guidelines, and sentenced Movant to 92 months in prison and three years supervised release. (*Id.*; and CR#51, Judgment.)

## B. PROCEEDINGS ON DIRECT APPEAL

Movant filed a direct appeal challenging the denial of a two level downward adjustment for acceptance of responsibility, and arguing that his sentence was unreasonable because the court failed to consider his need for drug treatment. By a Memorandum Decision issued October 2, 2007, the Ninth Circuit rejected both claims, and affirmed Movant's conviction and sentence. (Mem. Dec., CR#74.)

On January 30, 2008, during the pendency of this proceeding, Movant filed a Petition for Writ of Certiorari challenging the Ninth Circuit's affirmance of his sentence. The

Supreme Court denied the petition on February 25, 2008. *Calvillo-Jimenez v. United States*, 128 S.Ct. 1465 (2008).

## C. PRESENT FEDERAL HABEAS PROCEEDINGS

**Motion to Vacate** - Movant commenced the instant proceeding by filing his Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 on January 28, 2008 (CV#1). In his Motion to Vacate, Movant asserts two claims for relief: (1) that counsel was ineffective in failing to object to the 16-level upward adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(A); and (2) that his sentence of 92 months of imprisonment was excessive.

**Response** - The Government filed its Response (#79) on April 21, 2008. Respondent argued that Ground 1 (Ineffective Assistance) is without merit because any objection to the upward adjustment would have been without merit. Respondent asserted that defendant's conviction for residential burglary fell plainly within the definition set forth in U.S.S.G. § 2L1.2(b)(1)(A). (Response, CR #79 at 4 (citing U.S.S.G. § 2L1.2 cmt 1(B)(iii) (explicitly listing "burglary of a dwelling" in the definition of "crime of violence")).

Respondent argues that Ground 2 (Excessiveness) is without merit. To the extent that it is a claim of excessiveness, Respondent argues that the Ninth Circuit has upheld a greater sentence. (Response, CR#79 at 4 (citing *United States v. Cupa-Guillen*, 34 F.3d 860, 864-65 (9th Cir. 1994) (rejecting Eighth Amendment claim that 100-month sentence for violating § was cruel and unusual punishment)). They further argue that the Ninth Circuit addressed this claim on direct appeal.

Respondent also argues that to the extent Ground 2 relies on the absence of a new criminal offense apart from Movant's illegal re-entry, it is without merit because the Guidelines do not mandate an additional new criminal offense. (Response, CR#79 at 4-5.)

**Reply** - On May 13, 2008, Movant filed his Reply (#80) in support of his Motion to Vacate (#75). Movant argues that it was not just or reasonable to give him a 92 month sentence for a re-entry conviction, especially in light of his drug addiction, that his rehabilitation justifies an adjustment to his sentence, and that counsel failed to object to the

Presentence report.

**Amendments** - In his Reply, Movant also asserted that he erred in filing his original Motion, and failed to raise all of his claims (# 80 at 2). Movant then attempted to raise a series of new claims, *e.g.*: that his criminal history was calculated incorrectly; that counsel failed to object to the error; that the jury did not find the facts necessary to an enhanced sentence under 8 U.S.C. § 1326(b)(2); and that his prior convictions did not qualify as aggravated felonies. "A [reply] is not the proper pleading to raise additional grounds for relief." *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir. 1994). Accordingly, the Court advised Movant that absent an amendment to the Motion to Vacate, the Court would address only those claims first asserted in the original Motion (#75). *Id.* (finding claims properly not considered). Movant was given time to file a motion to amend his Motion to Vacate. Movant ultimately filed a Motion to Amend (CV#5), but the motion was denied (CV#6) because Movant failed to supply a proposed amendment. Movant was given time to file a proper motion to amend, but failed to do so. Accordingly, this Report & Recommendation addresses only the claims raised in the existing Motion to Vacate (CV#1).

**Supplement re Pre-Sentence Report** - On January 6, 2009, the undersigned directed Respondent to provide, under seal, a copy of the Presentence Investigation Report, and to serve it on Movant. Movant was given ten days from the date of service to object to the authenticity of the copy filed. (Order 1/6/09, #7.) The report was filed on January 20, 2009 (#11). The Court noted, however, that there was some question as to service, and directed service of the report on Movant again. (Order 6/4/9, #13.) That renewed service was completed on June 4, 2009 (Notice 7/1/09, #14). No objection was filed by Movant.

**Supplement re Prior Conviction** - On July 9, 2009, the Court raised issues concerning the prior conviction relied upon to enhance the offense level underlying Movant's sentence. In response, on July 20, 2009, Respondent filed its Supplemental Repose (#16), conceding the referenced conviction did not qualify, but arguing that another did. On July 31, 2009, Movant filed his Supplemental Reply (#17), arguing that the substitute conviction was too old, and that in any event the error would by itself establish prejudice.

## III. APPLICATION OF LAW TO FACTS

### A. INEFFECTIVE ASSISTANCE

In his first claim for relief, Movant argues that counsel was ineffective in failing to object to the 16-level upward adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(A).

**Standard for Ineffective Assistance** - Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, petitioner must show: (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88, 694. Although the petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id.* at 697.

**Deficient Performance** - Section 2L1.2, as applied to Movant's conviction for unlawful entry, specified a generic offense level of 8. However, subsection (b)(1) provided that "[i]f the defendant previously was deported, or unlawfully remained in the United States, after-- (A) a conviction for a felony that is . . .(ii) a crime of violence . . .increase by 16 levels." U.S.S.G. § 2L1.2(b)(1) (2006).

Movant argues that he was not convicted of one of the crimes specified in § 2L1.2. However, Movant notes that the specified crimes include a "crime of violence." (Reply, CR#80 at 3.) The Application Notes to section 2L1.2 defined "crime of violence":

> "Crime of violence" means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, ***burglary of a dwelling***, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2(b)(1) (2006), Application Note 1(B)(iii).

The Presentence Report based its application of this enhancement on Movant's "felony conviction for attempted burglary, a crime of violence." (Presentence Report, #11 at 4.) This appears to refer to Movant's 1990 conviction for "Attempted Burglary" in

Maricopa County Superior Court under "ARS 13-1506." The Report's notes describe the facts as "defendant and an accomplice committed a residential burglary." (*Id.* at 5.) The Report lists no other conviction for "attempted burglary."

However, Ariz. Rev. Stat. § 13-1506 (on which Movant's 1990 conviction was based), does not appear to apply to a "burglary of a dwelling." Rather, that provision relates solely to the entry into "1. . . .a nonresidential structure or in a fenced commercial or residential yard.. . [or] 2. . . . a motor vehicle." Rather, Ariz. Rev. Stat. § 13-1507 is the Arizona criminal statute which proscribes entry into a "residential structure."

As such, the 1990 conviction under Ariz. Rev. Stat. § 13-1506 would constitute a "crime of violence" only if the entry into a "residential yard" qualified as an entry into a "dwelling." *See e.g. U.S. v. Reina-Rodriguez,* 468 F.3d 1147, 1153 (9th Cir. 2006) (Utah conviction did not qualify as crime of violence because it did not require entry into a dwelling), *overruled on other grounds by United States v. Grisel*, 488 F.3d 844, 851 (9th Cir.2007) (en banc) (vehicle used as a residence not a "dwelling").

In *James v. U.S.,* 550 U.S. 192 (2007) the Court considered whether a Florida burglary statute would categorically qualify as proscribing a "burglary" under the Armed Career Criminal Act. The statute extended to not only the building of a residence, but also to its "curtilage." The Court concluded that "the inclusion of curtilage takes Florida's underlying offense of burglary outside the definition of 'generic burglary'. . . which requires an unlawful entry into, or remaining in, 'a building or other structure.'" *Id.* at 213. Under this analysis, even though Ariz. Rev. Stat. § 13-1506 concerns burglary of a "residential yard," it does not proscribe a "burglary of a dwelling."

Under the "modified categorical approach," in determining if a state statute fits within the scope of the federally defined crime, the court may consider not only the statutory elements of the offense, but may also consider whether "the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Taylor v. U.S.,* 495 U.S. 575, 602 (1990). *See U.S. v. Rodriguez-Rodriguez,* 393 F.3d 849, 857 (9th Cir. 2005) (applying *Taylor's* modified

categorical approach to U.S.S.G. § 2L1.2(b)). When provided an opportunity to provide documentation to establish that Movant's 1990 offense qualified, Respondent declined, and conceded that this conviction did not support the sentence.

> The government agrees for the purpose of this motion that the Attempted Burglary conviction set forth in PSR ¶ 22 would not qualify for imposition of the upward adjustment set forth in U.S.S.G. § 2L1.2(b)(1)(A). The government further agrees the PSR lists no other conviction for "attempted burglary."

(Supplemental Response (#16 at 2.)

Thus, there was a valid basis for an objection to reliance on the 1990 conviction.[1]

**Prejudice** - Nonetheless, Respondent argues that Movant's 1983 conviction for burglary would have qualified. Indeed, the Presentence Report listed, at paragraph 20, a 1981 conviction for burglar pursuant to Ariz. Rev. Stat. § 13-1507. This prior conviction does qualify as a crime of violence under § 2L1.2.

Movant objects that this conviction cannot qualify because it is too old. Movant points to the time limits in U.S.S.G. § 4A1.2, as applied in *U.S. v. Donaghe*, 50 F.3d 608, 612 (9th Cir. 1994). However, as discussed in *Donaghe*, that section provides time limits on convictions for purposes of "determining a criminal history category." 50 F.3d at 612.

In *U.S. v. Olmos-Esparza,* 484 F.3d 1111 (9th Cir. 2007), the Ninth Circuit rejected attempts to engraft § 4A1.2's time limits for criminal history points onto the offense level calculations under § 2L1.2.

> § 2L1.2 on its face contains no temporal limitation on the prior conviction used to enhance sentences for illegal reentry. When viewed in context, it is also clear the Commission did not implicitly mean to create such a limitation on prior convictions in § 2L1.2, but was instead expressly eliminating any time limitations contained in the borrowed definition for "aggravated felony."

484 F.3d at 1116.

---

[1] In light of determination hereinafter that there was no prejudice, the undersigned does not reach the question whether the failure to object was deficient performance. It does seem, however, that the potential for exacerbation of the Court's view of Movant, by pointing out and dwelling on his multiple convictions might justify a tactical decision to not quibble over the specific conviction relied upon to establish the § 2L1.2 enhancement.

Thus, Respondent argues, even had counsel objected to the Presentence Report's mis-reference to the 1990 conviction, the Report would have simply been amended, or the Court directed, to rely instead upon the 1983 conviction. Thus, Respondent argues, the outcome would have been the same and thus there was no prejudice from counsel's failure to object.

Petitioner points to *Glover v. U.S.*, 531 U.S. 198 (2001) to assert that any error of law in performing the sentencing guidelines calculation establishes prejudice. However, *Glover* did not go so far. Rather, *Glover* rejected a Seventh Circuit analysis that failed to find prejudice because counsel's error had "only" resulted in an increase in the prison sentence from 6 to 21 months. The Court found that the resulting increase did constitute prejudice. Glover did not hold that a simple error in applying the sentencing law would always equate to prejudice.

Here, in contrast to *Glover*, there was no necessary net increase in the sentence. Rather, the undersigned finds it likely that an objection by counsel would have simply resulted in recognition that the enhancement would have to be based on the 1983 conviction. As a result, the undersigned does not find it likely that, had counsel objected, the outcome would have been different. To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The undersigned finds no such reasonable probability.

Accordingly, the undersigned concludes that Movant has failed to establish ineffective assistance of counsel, and therefore that Ground 1 must be denied.[2]

## B. EXCESSIVENESS OF SENTENCE

For his second claim for relief, Movant argues that his sentence of 92 months imprisonment was excessive. The Motion does not elaborate on his basis for this assertion,

---

[2] For the reasons explained herein above, the undersigned does not consider the claims first raised in Movant's Reply that his criminal history was miscalculated.

beyond noting that Movant did not commit another crime, other than his illegal re-entry. In his Reply, Movant argues that his drug addiction and rehabilitation call for a reduced sentence.

**Absence of Other Crime** - Movant appears to believe that a re-entry after deportation should not merit such a stiff sentence, unless it is coupled with some new crime. Congress disagrees. The Sentencing Guidelines provide for just such a sentence for such illegal re-entry, when committed by one who has been convicted of crimes such as Movant. *See* 8 U.S.C. § 1326(b)(2). Congress has authorized the sentence given Movant, and absent some other statutory or constitutional limitation, that is sufficient.

**Reasonableness under Statute** - The Ninth Circuit has already concluded that the sentence "was not unreasonable." (Mem. Dec., CR#74 at 2.) In so doing the Ninth Circuit did not address any constitutional issues, but by citing cases such as *U.S. v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir. 2006) (post-*Booker*, court of appeals had jurisdiction to decide whether sentence within guidelines was reasonable application of sentencing statute). This Court is not free to revisit that decision, but is bound by the Ninth Circuit's decision.

Ordinarily, the doctrines of res judicata and collateral estoppel do not apply to habeas corpus proceedings. *Sanders v. U.S.*, 373 U.S. 1, 8 (1963). However, the law of the case doctrine is applicable on federal habeas review. *Shore v. Warden,* 942 F.2d 1117, 1123 (7th Cir. 1991). "The law of the case doctrine ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case." *U.S. v. Caterino,* 29 F.3d 1390, 1395 (9th Cir. 1994) (quoting *U.S. v. Maybusher,* 735 F.2d 366, 370 (9th Cir. 1984), *cert. denied,* 469 U.S. 1110 (1985)). Under this doctrine, a district court will ordinarily refrain from acting if an appellate court previously has issued a decision on the merits of the claim. *U.S. v. Caterino,* 29 F.3d at 1395. Thus, the Ninth Circuit has long held that "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent petition under 2255." *Stein v. U.S.,* 390 F.2d 625, 626 (9th Cir. 1968).

**Cruel and Unusual** - Movant may intend to argue that his sentence is simply so long that it is cruel and unusual, and therefore a violation of the Eighth Amendment. However,

as noted by Respondents, the Ninth Circuit has upheld against Eighth Amendment challenges to longer sentences for similar violations. *See U.S. v. Cupa-Guillen,* 34 F.3d 860, 865 (9th Cir. 1994) (rejecting cruel and unusual punishment attack on 100 month sentence for conviction for re-entry after aggravated felony pursuant to 8 U.S.C. § 1326(b)(2)).

**Consideration of Drug Abuse** - Perhaps Movant believes the Court did not consider his drug addiction as a basis for mitigation at sentencing. (Obviously his subsequent rehabilitation could not have been considered.) To the contrary, the Court found that Movant's "history of . . . drug abuse . . . increases his danger to the community, and there is ample reason to think that this defendant will offend again." (R.T. 6/19/06, CR#66 at 15.) Movant offers no basis to conclude that this was error.

**Discretion to Reduce Sentence** - Finally, Movant may intend to argue that the Court should simply consider his current circumstances (e.g. his prior drug addiction and current rehabilitation), and grant some adjustment to his sentence. Movant points to no authority for the Court to do so. Indeed, although there formerly was authority in Federal Rule of Criminal Procedure for a trial court to reduce a sentence (although only within 120 days of the original sentence), that authority was repealed in 1984. *See* Pub.L. 98-473, Title II, § 215(b),98 Stat. 2015. Rule 35 now limits this Court's discretion to: (a) correcting clerical errors within 7 days; or (b) responding to a motion by the Government on the basis of substantial assistance by the defendant in investigating or prosecuting another person. Neither circumstance applies here.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed January 28, 2008 (CV#1) be **DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth

Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: August 13, 2009

                                                                        JAY R. IRWIN
                                                              United States Magistrate Judge

S:\Drafts\OutBox\08-0176-001r RR 08 12 29 re MVacate.wpd